IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MAGGIE BAYLIS                                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 1:10-CV-00069-GHD

WAL-MART STORES, INC.                                                          DEFENDANT

MEMORANDUM OPINION

Presently before the Court is Defendant's motion for partial summary judgment [114]. Upon due consideration, the Court finds that this motion should be granted in part and denied in part.

*A. Factual and Procedural Background*

On March 24, 2010, Plaintiff Maggie Baylis ("Plaintiff") commenced this employment discrimination action against Defendant Wal-Mart Stores, Inc. ("Defendant") alleging that she was terminated from her inventory control position at the Wal-Mart store in Ripley, Mississippi, based on her race and gender in violation of Title VII and 42 U.S.C. § 1981. Plaintiff maintained she took a test to obtain a supervisor position at Wal-Mart, was subsequently notified she had failed the test, and was allegedly terminated from her position. Plaintiff, a black female, further alleged that the white male store manager replaced Plaintiff with a white male employee. Plaintiff alleged that Defendant commonly allowed persons to work as managers who failed the test. Plaintiff claimed to have suffered lost income, mental anxiety, and stress as a result of Defendant's actions.

Defendant filed a motion for summary judgment, contending that Plaintiff voluntarily resigned from her job following her second unsuccessful attempt to pass the supervisory test that was a prerequisite for a supervisor position at Wal-Mart. Defendant maintained that the test was

1

a set of hypothetical questions designed to assess an associate's decision-making abilities. Defendant maintained that only the current supervisors at the time the test was implemented were allowed to sidestep the supervisory test requirement and be grandfathered in as full-time supervisors. Defendant maintained that Plaintiff's employment discrimination claims should fail because Plaintiff failed to make a prima facie case for employment discrimination, or alternatively, that Plaintiff failed to rebut Defendant's articulated legitimate, non-discriminatory reason for its actions (the need to restructure its staff and the fact that Plaintiff failed the test, a prerequisite to a supervisor position).

Plaintiff argued in response that she had made a prima facie case of discrimination, as (1) she is a black female, which is a protected class under Title VII; (2) she was qualified to be a supervisor because numerous other employees who had not passed the supervisor test worked in management, and she had been a "supervisor" over three different employees; (3) Plaintiff was told to leave by the store manager, "essentially fir[ed]"; and (4) Plaintiff was replaced as "daytime supervisor over the inventory department" by a white male, Robert Miller. Plaintiff claimed Defendant's proffered reason for her termination was pretextual and that the fact that Plaintiff was a black female played a role in Defendant's actions, because (1) Plaintiff had trained the white male who would take her place; (2) Plaintiff was told she had to pass the test in order to be considered for the day supervisor position "even though she had been performing the job for the previous six months"; (3) Defendant had allowed numerous other associates to work in supervisory positions for a period of time who had not passed the test; (4) the store manager did not allow Plaintiff to continue in the "supervisory position" because "she was a black female who had complained about race discrimination in the past"; and (5) Defendant did not offer Plaintiff a comparable job, but instead a demotion.

2

The Court entered an Order [42] denying Defendant's motion for summary judgment, finding that genuine issues of material fact existed and Defendant had failed to show it was entitled to judgment as a matter of law.

On July 18, 2011, trial commenced in this Court. During the trial, the Court denied Plaintiff's Rule 15(a) motion to amend/correct the pleadings [52] to conform to proof at trial that a proximate cause of Plaintiff's discharge was that Plaintiff reported illegal activity, and that Plaintiff had been retaliated against for complaining about race discrimination.

The jury was given the following special interrogatories:

(1) Was the plaintiff terminated involuntarily from her employment by the defendant, Wal-Mart?
(2) Do you find from a preponderance of the evidence in this case the plaintiff's race and/or gender was a motivating factor in the decision of Wal-Mart to terminate her employment?
(3) Do you find from a preponderance of the evidence in this case the plaintiff's race and/or gender was a motivating factor in Wal-Mart's failure to promote Plaintiff to the position of Inventory Management Team Supervisor in 2009?

Jury Verdict [60] at 1. The jury answered Question 1 in the affirmative, but deadlocked on Questions Two and Three, even after being given a modified *Allen* charge. The Court declared the case a mistrial and returned the case to the Court's trial docket for a subsequent trial.

Both parties filed subsequent post-trial motions. The Court denied Plaintiff's motion for declaratory judgment [65], which contended that the Court should find, due to collateral estoppel, that Plaintiff was involuntarily terminated from her employment by Defendant, because the jury made that finding. The Court held that the jury's partial finding that Plaintiff was involuntarily terminated will not bind the jury in the upcoming trial. The Court granted Plaintiff's renewed motion to amend or correct the pretrial order [61] that certain proof presented at trial created new theories of recovery for Plaintiff's discharge: (1) a proximate cause of Plaintiff's discharge was that Plaintiff reported illegal activity; and (b) Plaintiff was retaliated

against for complaining about race discrimination. The Court explained that Plaintiff would not be allowed to attack the validity of the supervisory test in trial, only to explore whether Wal-Mart seriously considered the test a prerequisite to the supervisor position. The Court further stated that Plaintiff's counsel was not permitted to advance a disparate impact theory. The Court then denied Defendant's renewed motion for judgment as a matter of law [69], finding that viewing all inferences in favor of the Plaintiff, the evidence was legally sufficient for a reasonable jury to find for the Plaintiff.

Now, Defendant has filed a motion for partial summary judgment [114] in which it argues for the dismissal of Plaintiff's *McArn* claim and retaliation claim under 42 U.S.C. § 1981.

### B. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to

"go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to preclude summary judgment; instead, "there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1985).

*C. Discussion*

**(1) 42 U.S.C. § 1981 Race Retaliation Claim**[1]

First, Defendant contends that Plaintiff cannot establish that she was terminated in retaliation for complaining about race discrimination in violation of 42 U.S.C. § 1981. Defendant additionally argues that Plaintiff is not entitled to advance a mixed motives claim because she did not seek to amend the pretrial order to add such a claim.

Direct evidence of retaliation "if believed, proves the fact of intentional retaliation without inference or presumption." *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 195 (5th Cir. 2001) (citation and internal quotation marks omitted), *overruled on other grounds* by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 92, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003). If there is no direct evidence of retaliation, the plaintiff must make a prima facie case of retaliation, which is governed by the *McDonnell Douglas* burden-shifting framework. *See id.*; *Foley v. Univ. of Houston Sys.*, 324 F.3d 310, 316 (5th Cir. 2003) (elements for prima facie case of retaliation

---

[1] Defendant correctly states that Plaintiff's only avenue to advance her race retaliation claim is 42 U.S.C. § 1981, because she failed to raise retaliation in her EEOC charge and thus has failed to exhaust her administrative remedies. *See Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 711 (5th Cir. 1994) (citing *Tolbert v. United States*, 916 F.2d 245, 247–48 (5th Cir. 1990) (per curiam)).

under § 1981 the same as those under Title VII).

To establish a prima facie case of unlawful retaliation, a plaintiff must prove he or she (1) engaged in an activity protected by Title VII, (2) suffered an adverse employment decision, and that (3) a causal link exists between the protected activity and the adverse decision. *Aryain v. Wal–Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008). "An employee has engaged in activity protected by Title VII if [he] has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (quoting 42 U.S.C. § 2000e-3(a)). If the plaintiff makes a prima facie case of retaliation, the burden shifts to the employer to "provide a legitimate, non-retaliatory reason for the adverse employment action." *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 129 (5th Cir. 2011) (citation and internal quotation marks omitted). The burden then shifts back to the employee to "prove that the protected conduct was a 'but for' cause of the adverse employment decision." *Id.* (citation and internal quotation marks omitted).

### (a) Prima Facie Case of Retaliation

The parties do not dispute that Plaintiff made complaints to Wal-Mart about her supervisor's comments and attitude towards her. However, Defendant argues that Plaintiff failed to raise that she was being mistreated due to her race, that Plaintiff could not have reasonably believed that she was opposing race discrimination, and thus that Plaintiff did not engage in protected activity. However, the Court finds that Plaintiff's statements to Wal-Mart complaining about her supervisor's allegedly racist attitude and comments to her were sufficient to satisfy the protected activity prong of the prima facie case.

Plaintiff argues with respect to the adverse employment action prong: "Being replaced as

6

a defacto manager, then terminated, would dissuade a reasonable employee from complaining about race discrimination." Pl.'s Resp. Opp'n to Def.'s MPSJ [118] at 17. Denial of a promotion is an adverse employment decision. *See Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 320 (5th Cir. 2004). And certainly alleged termination would be an adverse employment action. The Court finds that this prong of Plaintiff's prima facie case is satisfied.

Defendant contends that Plaintiff's comments were too attenuated in time for there to be a causal link between the alleged protected activity and adverse employment decision. "To demonstrate the causal prong of a retaliation claim on summary judgment, a plaintiff must at least raise a question about whether the person who denied him a promotion was aware of the protected activity." *Id.*; *see Manning v. Chevron Chem. Co.*, 332 F.3d 874, 883 (5th Cir. 2003). "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001); *see Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 472 (5th Cir. 2002) (five-month period, standing alone, too attenuated to establish causation for prima facie case of retaliation). The Court finds that a fact question exists as to a causal link between Plaintiff's prior complaints and subsequent failure to be promoted. Because this Court is viewing this case at the summary judgment stage, it must view the evidence in the light most favorable to Plaintiff. The plaintiff "need only make a very minimal showing" to establish a prima facie case. *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996). Based on the foregoing, the Court finds that Plaintiff has established a prima facie case of retaliation.

### (b) Legitimate, Non-Retaliatory Reason for the Adverse Employment Action

Finding Plaintiff has made a prima facie case of retaliation, next the Court looks to see whether Defendant has proffered a legitimate, non-retaliatory reason for the adverse employment action. Defendant has met this burden by asserting that Plaintiff was denied the promotion to supervisor because she failed the supervisory test that was allegedly a prerequisite to the position. Defendant further contends that because Plaintiff did not accept any of Defendant's attempts to provide alternative employment for her, Plaintiff left her employment. The Court finds that Defendant has met its burden of articulating a legitimate, non-retaliatory reason for the adverse employment action.

### (c) Pretext or Mixed Motive

Finally, assuming Plaintiff made out a prima facie case of retaliation, and Defendant met its burden by offering a legitimate, non-retaliatory reason for the adverse employment action, the burden shifts back to Plaintiff to raise a fact question regarding pretext. "Ultimately, the plaintiff must show that 'but-for' the protected activity, the adverse action would not have occurred." *Mayberry v. Mundy Contract Maint. Inc.*, 197 F. App'x 314, 317 (5th Cir. 2006) (citing *Rios v. Rossotti*, 252 F.3d 375, 380 (5th Cir. 2001)). Thus, for the retaliation claim to survive summary judgment, Plaintiff must offer evidence from which the jury could infer that retaliation—in whole or in part—motivated the adverse employment action. *See Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir. 2004); *Evans v. City of Houston*, 246 F.3d 344, 355 (5th Cir. 2001); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 685 (5th Cir. 2001); *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997). Plaintiff makes various arguments supporting pretext: that (1) she had been allowed to perform the supervisor job for the past six months; (b) others had been allowed to work in supervisory positions who had not passed the supervisory test; (c) the supervisory test was not seriously considered a prerequisite for the supervisor position; and (d)

she was not allowed to continue in the supervisory position because she was a black female who had complained about race discrimination in the past. Plaintiff further advances a mixed motives theory that the fact that she had repeatedly complained about race discrimination played a role in Defendant's actions. The Court finds that genuine disputes of material fact exist as to whether Plaintiff was terminated in retaliation for complaining about race discrimination in violation of 42 U.S.C. § 1981, and thus, will sustain this claim past summary judgment.

### (2) *McArn* Claim

Second, Defendant contends that Plaintiff cannot establish that she was terminated for reporting that merchandise had been stolen from the Wal-Mart store in Ripley, Mississippi, in violation of Mississippi's public policy exception to the employment-at-will doctrine based on *McArn v. Allied Bruce–Terminix Co.*, 626 So. 2d 603 (Miss. 1993), "because there is no evidence that Plaintiff reported actual criminal activity, an indisputable fatal flaw to her claim." *Id.* Plaintiff maintains that *McArn* does not require that Plaintiff must have witnessed the theft, merely that a series of circumstances exist from which a reasonable jury could infer that theft was ongoing. Plaintiff further maintains that the items were shown as being in inventory, but could not be located in the store, and that based on her own knowledge and the fact that the items could come up missing and then reappeared on the shelves, she reported the alleged thefts to the Wal-Mart hotline. Plaintiff maintains that she was terminated three days after she reported the thefts to the Wal-Mart hotline.

*McArn* provides, *inter alia*, that "an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer." 626 So. 2d at 607. "[U]nder Mississippi law, corporate employers can also be liable for a discharge of an employee in

retaliation for reporting a co-employee's illegal acts that relate to the employer's business." *DeCarlo v. Bonus Stores, Inc.*, 289 F. App'x 735, 2008 WL 3377546, at *2 (5th Cir. 2008) (citing *DeCarlo v. Bonus Stores, Inc.*, 989 So. 2d 351, 357 (Miss. 2008)). In the case *sub judice*, Plaintiff asserts she was terminated for reporting the illegal activities of her co-employee. Alleged theft of items in the Ripley Wal-Mart store obviously would relate to the employer's business. The issue is whether the acts can be considered "illegal acts" for the purpose of *McArn*.

The Fifth Circuit has explained that an employee's subjective belief that the acts reported were illegal does not satisfy *McArn*; instead, the alleged act must actually be illegal. *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 403 (5th Cir. 2005). Purported violations of federal regulations, such as OSHA, have been found not to constitute "illegal acts" for the purpose of *McArn*. *Howell v. Operations Mgmt. Int'l, Inc.*, 77 F. App'x 248, at *4 (5th Cir. 2003). The acts complained of must warrant the imposition of criminal penalties to constitute "illegal acts" under *McArn*. *Hammons v. Fleetwood Homes of Miss., Inc.*, 907 So. 2d 357, 360 (Miss. Ct. App. 2004), *cited in Kyle v. Circus Circus Miss., Inc.*, 430 F. App'x 247, 251 (5th Cir. 2011).

To invoke the *McArn* exception, the plaintiff must present evidence of the criminal act. *See Kyle*, 430 F. App'x at 252–53 (held no evidence supported that employee's complaint of employees' mishandling of tip pool money at casino was illegal act when undisputed evidence showed casino delegated discretion to two other employees to allocate and distribute the tip pool money; employee's passing references to employer of purported criminal tax evasion and letter to IRS to allege same had failed to establish illegal act); *but see DeCarlo*, 289 F. App'x at 736 (employee's reporting to employer of his former supervisor's alleged criminal fraud, misappropriation, and embezzlement of store funds constituted illegal act).

10

In the case *sub judice*, Plaintiff testified by deposition that she had "constantly" reported the theft of several items in the electronics department in the Wal-Mart store. Plaintiff stated that while maintaining stock in the back room of the Wal-Mart store as part of her job, she repeatedly discovered significant merchandise missing in the electronics cage. She further stated that she reported every concern to Melvin Searcy, the manager of the Ripley Wal-Mart store, and Searcy took the key to the electronics cage from the electronics department manager, Andrea Rogers. Plaintiff maintains that the key was later returned to Rogers, and Searcy advised Plaintiff to leave the issue alone. Plaintiff contends that Rogers stole the missing items; specifically, Plaintiff claims that Rogers would remove the items and would then return the items back to the store after Searcy talked to her. Pl.'s Dep. [120-1] at 90. Plaintiff concedes that she never actually saw Rogers steal the items from the store, but "it was just obvious that [Rogers] was taking most of that stuff" and Plaintiff "fe[lt] like the department manager was taking most of the equipment." *Id.* at 77, 89–90. But Plaintiff pointed to no specific evidence of any illegal activity. Plaintiff testified that when she reported the missing items, she actually said that she could not find the items. *Id.* at 80. Searcy testified by deposition that after Plaintiff had reported the missing items to him, he was not "particular[ly] upset about it because I can show you a stack of on-hand changes for any day of the week where we take merchandise up and we take it down. . . . I don't get that excited until we have looked for two or three days and then they are missing and they don't show up." Searcy Dep. [114-4] at 25. Searcy further testified that it was not "an integrity problem"; no items left the building; any missing items were due to implementation of the new system; and "I simply had stuff that either was not binned or pulled from the floor without taking it to the bins, just human error." *Id.* at 26. The Court finds that the record is bereft of evidence supporting an illegal act under *McArn*. Instead, the Court is

11

confronted with Plaintiff's subjective belief that a theft had been committed, even though the only factor that would suggest theft was the temporary inability to locate certain inventory following the implementation of a new system at the Ripley Wal-Mart store. The Court finds this evidence unpersuasive, and accordingly, finds that no genuine dispute of material fact exists with respect to Plaintiff's *McArn* claim. The same should be dismissed as a matter of law.

### D. Conclusion

In sum, the Court finds that summary judgment should be granted as to Plaintiff's claim for wrongful termination for reporting illegal activity under *McArn*, as this claim must be dismissed as a matter of law; but summary judgment should be denied as to Plaintiff's race retaliation claim under § 1981, as genuine disputes of material fact exist with respect to that claim.

A separate order in accordance with this opinion shall issue this day.

THIS, the 20th day of August, 2012.

_____
SENIOR JUDGE