IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MAGGIE BAYLIS                                                           PLAINTIFF

v.                                              CIVIL ACTION NO.: 1:10-CV-00069-GHD

WAL-MART STORES, INC.                                     DEFENDANT

## MEMORANDUM OPINION

Following the second mistrial in this case which occurred on September 7, 2012, the following three motions are before the Court: **(1)** Defendant's renewed motion for judgment as a matter of law [144]; **(2)** Plaintiff's motion to strike [146] Defendant's renewed motion for judgment as a matter of law; and **3)** Plaintiff's motion for extension of time [153] to file a response to the renewed motion for judgment as a matter of law. Upon due consideration, the Court finds as follows that Plaintiff's motion to strike [146] is well taken and should be granted, and accordingly, that Defendant's renewed motion for judgment as a matter of law [144] should be denied, and Plaintiff's motion for extension of time [153] should be denied as moot. The Court finds as follows:

Defendant filed a renewed motion for judgment as a matter of law [144]. Subsequently, Plaintiff filed a motion to strike [146] Defendant's motion as untimely filed under Rules 50(b) and 6(b) of the Federal Rules of Civil Procedure, because Defendant's motion was filed more than twenty-eight days after the jury was discharged. In the event the Court denies Plaintiff's motion to strike, Plaintiff asks the Court to order Defendant to provide a copy of the trial

1

transcript and then allow Plaintiff thirty days from the date the transcript is provided to submit a response to Defendant's renewed motion for judgment as a matter of law.

Defendant concedes in its response to the motion to strike that Defendant's renewed motion for judgment as a matter of law was untimely filed and that the Court may not extend the deadline for filing pursuant to Rules 50(b) and 6(b)(2) of the Federal Rules of Civil Procedure. However, Defendant maintains that its renewed motion was filed one day late due to miscalculation of time and that the Court should not strike Defendant's motion because "Plaintiff is not prejudiced by the untimeliness, especially since trial resulted in a hung jury versus a verdict." *See* Def.'s Opp'n to Pl.'s Mot. Strike [147] at 1.

Rule 50(b) provides in pertinent part: "[N]o later than 28 days after the jury was discharged[,] the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." FED. R. CIV. P. 50(b). The timeliness portion of Rule 50(b) is "an essential part of the rule, firmly grounded in principles of fairness." *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 401, 126 S. Ct. 980, 163 L. Ed. 2d 974 (2006) (quoting *Johnson v. New York, N.H. & H.R. Co.*, 344 U.S. 48, 53–54, 73 S. Ct. 125, 97 L. Ed. 77 (1952)); *see also Morris v. Jefferson Parish Sheriff's Office*, 45 F. App'x 322, at *4 (5th Cir. 2002). Rule 6(b)(2) provides: "A court must not extend the time to act under Rule[ ] 50(b)[.]" FED. R. CIV. P. 6(b)(2).

In the case *sub judice*, the jury was discharged on September 7, 2012. Rule 50(b) permitted Defendant "no later than 28 days" after this date to file its renewed motion for judgment as a matter of law. Rule 6(a)(1) instructs that when calculating a period stated in days:

> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays,

and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

FED. R. CIV. P. 6(a)(1). Applying this formula, Defendant had until October 5, 2012 to file its renewed motion for judgment as a matter of law. Defendant filed its motion on October 9, 2012. As such, the motion was not timely filed. Accordingly, Plaintiff's motion to strike [146] Defendant's renewed motion for judgment as a matter of law is well taken and should be granted.

In sum, Plaintiff's motion to strike [146] Defendant's renewed motion for judgment as matter of law is GRANTED; Defendant's renewed motion for judgment as a matter of law [144] is DENIED; and Plaintiff's motion for extension of time [153] to file a response to the renewed motion for judgment as a matter of law is DENIED AS MOOT.

A separate order shall issue in accordance with this opinion this day.

THIS, the 29th day of October, 2012.

_____
SENIOR JUDGE

3