IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MAGGIE BAYLIS                                                                           PLAINTIFF

v.                                                                  CIVIL ACTION NO.: 1:10-CV-00069-GHD

WAL-MART STORES, INC.                                                               DEFENDANT

MEMORANDUM OPINION DENYING
DEFENDANT'S MOTION FOR LEAVE TO CONTACT JURORS

Following the second mistrial in this case which occurred on September 7, 2012, Defendant's motion for leave to contact jurors [142] is presently before the Court. Upon due consideration, the Court finds the motion is not well taken and should be denied.

The motion is brought pursuant to Local Uniform Rule 48, which provides in pertinent part:

> After the jury has been discharged, neither the attorneys in the action nor the parties may at any time or in any manner communicate with any member of the jury regarding the verdict. Provided, however, that if an attorney believes in good faith that the verdict may be subject to legal challenge, the attorney may apply ex parte to the trial judge for permission to interview one or more members of the jury regarding the fact or circumstance claimed to support the legal challenge. If satisfied that good cause exists, the judge may grant permission for the attorney to make the requested communication and will prescribe the terms and conditions under which it may be conducted.

"In order to justify the extraordinary step of examining the jury concerning its verdict, a defendant must make a preliminary showing of misconduct on the part of the jury, or that the jury based its verdict on matters outside the record." *United States v. Garza*, 48 F.3d 530, 1995 WL 84099, at*4 (5th Cir. 1995) (per curiam) (quoting *United States v. Chavis*, 772 F.2d 100, 110

1

(5th Cir. 1985)).

In the case *sub judice*, Defendant argues that the Court should grant leave for Defendant to communicate with the jurors "in the spirit of resolution and saving judicial resources and expenses associated with trying the matter a third time" to "gain better insight regarding how the case and facts are presented and seen by a jury of [Plaintiff's] peers" and possibly in the process to "soften [Defendant's] stance regarding resolution of this matter absent a third trial." *See* Def.'s Mot. Leave to Contact Jurors [142] ¶ 10. However, Defendant concedes that the permission sought is technically not in keeping with the provisions of the local rule, as Defendant is not seeking permission to question jurors "regarding the fact or circumstance claimed to support the legal challenge." *See id.*

Plaintiff argues in response that such communication would fly in the face of the local rule, which "was obviously designed to prohibit overbearing toward jurors, or further imposition upon jurors, who have served the parties by their service." *See* Pl.'s Resp. Opp'n to Mot. Leave to Contact Jurors [143] ¶ 2. However, Plaintiff would not oppose a questionnaire jointly prepared by counsel for both parties "to be sent by the court clerk with instructions to the jury foreman, inquiring only as to the vote of the jury and which side it favored, with the further direction that whether the foreman responds to the questionnaire is voluntary." *Id.* ¶ 4.

The Court, however, is loath to permit interrogation of or communication with the jury. "Historically, interrogations of jurors have not been favored by federal courts except when there is some showing of illegal or prejudicial intrusion into the jury process." *Wilkerson v. Amco Corp.*, 703 F.2d 184, 185 (5th Cir. 1983) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1309 (5th Cir. 1977) (emphasis in original); *United States v. Riley*, 544 F.2d 237, 242 (5th Cir. 1976), *cert. denied*, 430 U.S. 932, 97 S. Ct. 1554, 51 L. Ed. 2d 777 (1977)). Courts in the Fifth

Circuit generally do not permit interrogation of the jury without a showing of "specific instances of misconduct." *Id.* (quoting *O'Rear*, 554 F.2d at 1309-10; *Riley*, 544 F.2d at 242). This Court is of the opinion that Defendant has not demonstrated good cause for contacting the jurors to question them concerning the recent mistrial in this case. Of great concern to the Court is protecting the jury from further questioning following the jury's completed service in this case. For these reasons, the Court finds Defendant's motion for leave to contact jurors [142] is not well taken and should be denied.

In sum, Defendant's motion for leave to contact jurors [142] shall be DENIED.

A separate order shall issue in accordance with this opinion this day.

THIS, the 24 day of October, 2012.

_____
SENIOR JUDGE